In re:                                                            Case No. 18-01882-HWV
Tarsha La'shaun Holmes-Taru                                       Chapter 13
Jafar Taru
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1        User: CGambini        Page 1 of 2        Date Rcvd: Jun 12, 2018
                           Form ID: pdf002        Total Noticed: 56


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 14, 2018.
```
db/jdb         +Tarsha La'shaun Holmes-Taru,   Jafar Taru,   1235 Nugent Way,   York, PA 17402-7653
cr             +Americredit Financial Services, Inc., dba GM Finan,   4000 Embarcadero Dr.,
                Arlington, TX 76014-4101
5062333       ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,   PO BOX 183853,   ARLINGTON TX 76096-3853
                (address filed with court: Americredit Financial Services, Inc.,   Dba GM Financial,
                P.O Box 183853,   Arlington, TX 76096)
5057231        +Allied Collection Services,   3080 S Durango Dr,   Las Vegas NV 89117-9193
5057234        +AmeriCredit/GM Financial,   Attn: Bankruptcy,   Po Box 183853,   Arlington TX 76096-3853
5057235        +AmeriCredit/GM Financial,   Po Box 181145,   Arlington TX 76096-1145
5057237        +Amex,   Po Box 297871,   Fort Lauderdale FL 33329-7871
5057236        +Amex,   Correspondence,   Po Box 981540,   El Paso TX 79998-1540
5063702        +Brookview Apartments 71,   Hunter Warfield,   4620 Woodland Corporate Blvd,
                Tampa, FL 33614-2415
5057242        +Cbusasears,   Po Box 6282,   Sioux Falls SD 57117-6282
5057241        +Cbusasears,   Citicorp Credit Srvs/Centralized Bankrup,   Po Box 790040,
                Saint Louis MO 63179-0040
5057244        +Citibank/Sears,   Po Box 6283,   Sioux Falls SD 57117-6283
5057243        +Citibank/Sears,   Centralized Bankruptcy,   Po Box 790034,   St Louis MO 63179-0034
5057245        +Corporation Service Company,   2595 Interstate Dr Suite 103,   Harrisburg PA 17110-9378
5057249        +Debt Recovery Solution,   6800 Jericho Turnpike,   Syosset NY 11791-4401
5057248        +Debt Recovery Solution,   Attn: Bankruptcy,   Po Box 9003,   Syosset NY 11791-9003
5057227         Department of Revenue,   1 Revenue Place,   Harrisburg PA 17129-0001
5057250        +Diversified Adjustment Swervices, Inc,   Dasi-Bankruptcy,   Po Box 32145,
                Fridley MN 55432-0145
5057251        +Diversified Adjustment Swervices, Inc,   600 Coon Rapids Bv,   Coon Rapids MN 55433-5549
5054254        +I C System Inc,   444 Highway 96 East,   P.O. Box 64378,   St. Paul MN 55164-0378
5057255        +I C System Inc,   Po Box 64378,   Saint Paul MN 55164-0378
5057259        +Mariner Finance,   8211 Town Center Dr,   Nottingham MD 21236-5904
5057260        +Maryland Revenue Admin (Taxes),   110 Carroll Street,   Annapolis MD 21411-1000
5057264        +PNC Bank,   Po Box 3180,   Pittsburgh PA 15230-3180
5057263        +PNC Bank,   Attn: Bankruptcy Department,   Po Box 94982: Mailstop Br-Yb58-01-5,
                Cleveland OH 44101-4982
5057268        +State Collection Service,   Po Box 6250,   Madison WI 53716-0250
5057267        +State Collection Service,   Attention: Bankruptcy,   Po Box 6250,   Madison WI 53716-0250
5057274        +Wells Fargo Center/HQ,   TOM SCHNEIDER, President,   N93 SIXTH & MARQUTTE,
                Minneapolis MN 55479-0001
5057279        +Wells Fargo Preferred,   Po Box 14517,   Des Moines IA 50306-3517
5057225        +York Adams Tax Claim Bureau,   PO BOX 15627,   York PA 17405-0156
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr              E-mail/Text: bnc@bass-associates.com Jun 12 2018 19:22:08     United Consumer Financial Serv.,
                Bass & Associates, P.C.,   3936 E. Ft. Lowell Road, Suite #200,   Tucson, AZ 85712-1083
5057228        +E-mail/Text: bankruptcy@rentacenter.com Jun 12 2018 19:23:13     Acceptance Now,
                Attn: Bankruptcy,   5501 Headquarters Dr,   Plano TX 75024-5837
5057229        +E-mail/Text: bankruptcy@rentacenter.com Jun 12 2018 19:23:13     Acceptance Now,
                5501 Headquarters Dr,   Plano TX 75024-5837
5057230        +E-mail/Text: banko@acsnv.com Jun 12 2018 19:22:58     Allied Collection Services,
                3080 South Durango Drive,   Suite 208,   Las Vegas NV 89117-9194
5058423         E-mail/Text: ally@ebn.phinsolutions.com Jun 12 2018 19:22:08     Ally Bank,   PO Box 130424,
                Roseville MN 55113-0004
5057232        +E-mail/Text: ally@ebn.phinsolutions.com Jun 12 2018 19:22:08     Ally Financial,
                Attn: Bankruptcy,   Po Box 380901,   Bloomington MN 55438-0901
5057233        +E-mail/Text: ally@ebn.phinsolutions.com Jun 12 2018 19:22:08     Ally Financial,
                200 Renaissance Ctr,   Detroit MI 48243-1300
5057238        +E-mail/Text: aleasure@autotrakk.com Jun 12 2018 19:23:14     Auto Trakk,   1500 Sycamore Rd,
                Suite 200,   Montoursville PA 17754-9416
5057240         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 12 2018 19:27:49     Capital One,
                15000 Capital One Dr,   Richmond VA 23238
5057239        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 12 2018 19:28:08     Capital One,
                Attn: Bankruptcy,   Po Box 30285,   Salt Lake City UT 84130-0285
5057246        +E-mail/Text: CSIBKR@CREDITSYSTEMSINTL.COM Jun 12 2018 19:23:08
                Credit Systems International, Inc,   1277 Country Club Lane,   Fort Worth TX 76112-2304
5057252        +E-mail/Text: HWIBankruptcy@hunterwarfield.com Jun 12 2018 19:22:45     Hunter Warfield,
                Attention: Bankruptcy,   4620 Woodland Corporate Blvd,   Tampa FL 33614-2415
5057253        +E-mail/Text: HWIBankruptcy@hunterwarfield.com Jun 12 2018 19:22:45     Hunter Warfield,
                4620 Woodland Corporate,   Tampa FL 33614-2415
5057226         E-mail/Text: cio.bncmail@irs.gov Jun 12 2018 19:22:18     IRS Centralized Insolvency Oper.,
                Post Office Box 7346,   Philadelphia PA 19101-7346
5057258        +E-mail/Text: camanagement@mtb.com Jun 12 2018 19:22:23     M & T Bank,   1 Fountain Plz,
                Buffalo NY 14203
5057257         E-mail/Text: camanagement@mtb.com Jun 12 2018 19:22:23     M & T Bank,   Attn: Bankruptcy,
                Po Box 844,   Buffalo NY 14240
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
5057262        E-mail/Text: collections@mecu.com Jun 12 2018 19:23:12        MECU of Baltimore, Inc.,
               401 E Fayette Street,   Baltimore MD 21202
5057261        +E-mail/Text: collections@mecu.com Jun 12 2018 19:23:12        MECU of Baltimore, Inc.,
               Attn: Bankruptcy,   1 South St.,   Baltimore MD 21202-3298
5057266        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 12 2018 19:27:49
               Portfolio Recovery,   120 Corporate Blvd Ste 1,   Norfolk VA 23502
5057265        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 12 2018 19:28:29
               Portfolio Recovery,   Po Box 41067,   Norfolk VA 23541
5057270        +E-mail/Text: bankruptcydepartment@tsico.com Jun 12 2018 19:23:07        Transworld System Inc,
               500 Virginia Dr Ste 514,   Fort Washington PA 19034-2707
5057269        +E-mail/Text: bankruptcydepartment@tsico.com Jun 12 2018 19:23:08        Transworld System Inc,
               Attn: Bankruptcy,   Po Box 15618,   Wilmington DE 19850-5618
5069464        +E-mail/Text: bnc@bass-associates.com Jun 12 2018 19:22:08
               United Consumer Financial Services,   Bass & Associates, P.C.,   3936 E. Ft. Lowell Suite 200,
               Tucson, AZ 85712-1083
5057271        +E-mail/Text: EBankruptcy@UCFS.NET Jun 12 2018 19:23:19        United Consumer Financial Services,
               865 Bassett Rd,   Westlake OH 44145-1194
5057273        +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 12 2018 19:22:06
               Verizon,   Po Box 650051,   Dallas TX 75265-0051
5057272        +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 12 2018 19:22:06
               Verizon,   Attn: Wireless Bankruptcy Admin,   500 Technology Dr Ste 500,
               Weldon Springs MO 63304-2225
                                                                           TOTAL: 26


         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5065072*       +Auto Trakk LLC,   1500 Sycamore Road, Suite 200,   Montoursville, PA 17754-9416
5057247*       +Credit Systems International, Inc,   1277 Country Club Ln,   Fort Worth TX 76112-2304
5057256*       Internal Revenue Service,   Centralized Insolvency Operation,   Post Office Box 7346,
               Philadelphia PA 19101-7346
                                                                           TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 14, 2018                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2018 at the address(es) listed below:
```
         Bass and Associates PC    on behalf of Creditor    United Consumer Financial Serv.
          ecf@bass-associates.com
         Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,    TWecf@pamd13trustee.com
         Dawn Marie Cutaia    on behalf of Debtor 2 Jafar  Taru dmcutaia@gmail.com,
          cutaialawecf@gmail.com;r46159@notify.bestcase.com
         Dawn Marie Cutaia    on behalf of Debtor 1 Tarsha La'shaun Holmes-Taru dmcutaia@gmail.com,
          cutaialawecf@gmail.com;r46159@notify.bestcase.com
         James Warmbrodt    on behalf of Creditor    Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com
         United States Trustee    ustpregion03.ha.ecf@usdoj.gov
         William E. Craig    on behalf of Creditor    Americredit Financial Services, Inc., dba GM Financial
          ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                           TOTAL: 7
```

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Tarsha La'shaun Holmes-Taru and Jafar Taru

CHAPTER 13

CASE NO. 

✓ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
2 Number of Motions to Avoid Liens
2 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $_____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

conduit payments through the Trustee as set forth below. The total base plan is $ 42,660 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 6/2018 | 5/2023 | 711.00 | | | $42,660 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 42,660.00 |

  2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

  3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

  4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    ( ✓ ) Debtor is over median income. Debtor calculates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>**

  1. The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  ✓ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

  _____ Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

Case 1:18-bk-01882-HWV Doc 5 Filed 05/03/18 Entered 05/03/18 00:13:29 Desc
Main Document  Page 2 of 11
Case 1:18-bk-01882-HWV Doc 19 Filed 06/14/18 Entered 06/15/18 00:47:24 Desc
Imaged Certificate of Notice  Page 4 of 13

property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ _____

## 2. SECURED CLAIMS.

### A. <u>Pre-Confirmation Distributions.</u> *Check one.*

✓  None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____  Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.</u> *Check one.*

____  None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓  Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ally Financial | 2016 Honda CRV | 3790 |
| M&T Bank | 1235 Nugent Way York PA 17402 | 7298 |
|  |  |  |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

____ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ally Financial | 2016 Honda CRV | 620.00 |  | 620.00 |
| M&T Bank | 1235 Nugent Way | 7,708.00 |  | 7,708.00 |
|  |  |  |  |  |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

____ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

____ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

✓ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| United Consumer Financial Services (NOT FDIC) | Kirby Vacuum Cleaner | 700.00 | 0.00 | 700.00 | PLAN |
| Wells Fargo Preferred (FDIC) | Brown leather sectional sofa ($800) and gray cloth sectional sofa ($700). | 1,500 | 0.00 | 1,500 | PLAN |
| | | | | | |

**F. Surrender of Collateral.** *Check one.*

____ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

✓ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| AmeriCredit/GM Financial | 2012 Chevy Traverse (repo'd) |
| Mariner Finace | 2012 Chevy Traverse (repo'd) |
| | |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

____ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

| The name of the holder of the lien. | | |
|---|---|---|
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

    a. In addition to the retainer of $ 1000_____ already paid by the Debtor, the amount of $ 3000_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ✓   None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    ___   The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

___ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

✓ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|------------------|-------------------------|
| IRS | 14,000 |
| Maryland Revenue | 9,800 |
| YATB | 2,400 |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|------------------|-------------------------|
|  |  |

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

    **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ✓    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

    ___    The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

___ plan confirmation.
✓ entry of discharge.
___ closing of case.

9

7. **DISCHARGE: (Check one)**

   (✓) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

### 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 5/1/2018

/s/ Dawn Marie Cutaia
Attorney for Debtor

/s/ Tarsha Holmes-Taru
Debtor

/s/ Jafar Taru
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11